UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>HOPE ADVISORS, LLC, and KAREN BRUTON,<br><br>　　　　　　　Defendants,<br>and<br><br>JUST HOPE FOUNDATION,<br><br>　　　　　　　Relief Defendant. | Civil Action File No.<br>1:16-cv-1752-LMM |

## NOTICE OF INTENT TO SERVE SUBPOENA

Plaintiff Securities and Exchange Commission ("Commission") hereby gives notice pursuant to Federal Rule of Civil Procedure 45 that it will cause to be served a subpoena for the production of documents upon Blankenship CPA Group, PLLC. A true and correct copy of the subpoena is attached.

Dated: December 12, 2017

                          Respectfully submitted,

                          ***/s/Joshua A. Mayes***
                          Joshua A. Mayes
                          Senior Trial Counsel
                          Georgia Bar No. 143107
                          mayesj@sec.gov
                          (404) 842-5747

## **CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of this Court using the CM/ECF system which will send notice of such filing to counsel of record.

Dated: December 12, 2017

                                              */s/ Joshua A. Mayes*
                                              Joshua A. Mayes

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| SEC <br> *Plaintiff* <br> v. <br> Hope Advisors, et. al <br> *Defendant* | ) ) ) ) ) ) Civil Action No. 1:16-cv-1752-LMM |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Blankenship CPA Group, PLLC, 215 Ward Circle, Brentwood, TN 37027

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: United States Attorney c/o Henry Leventis <br> 110 9th Ave S # A961, Nashville, TN 37203 | Date and Time: <br> December 27, 2017 at 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/12/17

*CLERK OF COURT*

OR

_____           _____/s/ J. A. M._____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Securities & Exchange Commission, who issues or requests this subpoena, are:

Joshua Mayes, 950 E. Paces Ferry Rd, Ste. 900, Atlanta, GA 30326, mayesj@sec.gov, 404-842-5747

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:16-cv-1752-LMM

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:16-cv-01752-LMM   Document 101   Filed 12/12/17   Page 6 of 12

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT A TO BLANKENSHIP SUBPOENA DATED 11-20-2017**

In lieu of producing documents to the address on the subpoena, you may send copies of documents responsive to the subpoena to the following address:

> ENF-CPU
>
> U.S. Securities and Exchange Commission
>
> 100 F St., N.E., Mailstop 5973
>
> Washington, DC 20549-5973

Written communications regarding the subpoena should be sent to the Atlanta Regional Office of the Securities and Exchange Commission, c/o Joshua A. Mayes, 950 East Paces Ferry Road, N.E., Suite 900, Atlanta, Georgia 30326. Mr. Mayes may also be reached at 404-842-5747 or mayesj@sec.gov.

## **DEFINITIONS**

As used in this Request for the Production of Documents, the terms below shall have the following meanings:

1.  The term "document" means all preserved matter of any kind and however created, produced, and stored, whether it be manually, mechanically, electronically or otherwise, in an original form or a true copy of the same, together with each and every nonconforming version of the copy, in your actual or constructive possession, custody or control. The term includes, but is not limited to

letters, correspondence, telegrams, telexes, fax communications, telephone records, memoranda, notes, reports, papers, files, books, records, ledgers, journals, financial statements, opinions, studies, lists, contracts, agreements, recommendations, summaries, interviews, speeches, affidavits, transcripts, depositions, press releases, brochures, diary entries, calendars, appointment books, minutes, inter-office communications, working papers, computer printouts, government forms, instructions, articles of incorporation, partnership agreements, employee records, office manuals, messages, sound tapes, computer tapes, computer diskettes, computer hard disks, CD-ROM, DVD or other disc, microfilm, microfiche, magnetic tape, photographs, videotapes, audiotapes, films or any other electronic media, magnetic media or laser media. Each draft of a document is a separate document. Each non-identical copy or version of a document is a separate document.

2. The terms "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of the request all documents which might otherwise be construed to be outside its scope.

3. "Communication" means any transmission of information, correspondence, contract, discussion or exchange between any two or more persons or other act or instance, whether oral or written, formal or informal, intentional or unintentional, whereby information was conveyed, transmitted or acquired. Without limiting the foregoing, "communication" includes all

documents, telephone conversations or face-to-face conversations, meetings or conferences, emails or other electronic communications.

4. The terms "relate to," "relating to," "related to" and "relates to" shall have the broadest possible meaning and shall include but not be limited to, regarding, constituting, involving, concerning, respecting, referring to, reflecting, tending to establish or not to establish, evidencing, comprising, connected to or with or including, such that it connects one to another to any degree, however remote.

5. The term "any," "all" and "each" shall be construed as any, all and each so as to bring within the scope of the request all documents which might otherwise be construed to be outside its scope.

6. The term "including" means without limitation.

7. The term "Blankenship" shall mean Blankenship CPA Group, PLLC and any of its agents, employees, partners, members or contractors working on its behalf.

## INSTRUCTIONS

1. The singular shall include the plural and vice versa so as to bring within the scope of the request all documents which might otherwise be construed to be outside its scope.

2. Each request extends to any document in your possession, custody or control. A document is in your possession, custody or control if it is in your physical possession or if it is in the physical possession of your officers, directors, employees, subordinates, agents or any other persons acting on your behalf, or if it is in the physical possession of any other person and you (a) own such document in whole or in part, (b) have a right to retrieve, use, inspect, examine or copy such document, (c) have an understanding, express or implied, that you may retrieve, use, inspect, examine or copy such document.

3. If any document is withheld under claim of privilege, so state and identify each document for which a privilege is claimed, including specifically the following information: (a) the title of the document; (b) the date of the document; (c) the number of pages; (d) the subject matter of the document; (e) the full names and positions of the authors of the document; (f) the full names and positions of the persons to whom the document was sent; (g) the full names and positions of the persons to whom the document was shown or its contents communicated; (h) the requests to which the document is responsive; and (i) the privilege asserted.

4. If any document responsive to this request no longer exists, please so state and as to each and every such document state: (a) its title; (b) its date; (c) the number of pages; (d) the subject matter of the document; (e) the full names and positions of the authors of the document; (f) the full names and positions of the

persons to whom the document was sent; (g) the requests to which the documents is responsive; (h) the time, place, manner and circumstances of the destruction or other disposition of the document; (i) the persons who destroyed or otherwise disposed of it; and (j) your document retention policy related to documents like the one that is missing.

5. All requested documents shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond to the specific request or requests to which they are responsive.

6. Unless specified otherwise, the time period encompassed by the request is from January 1, 2012 to the present.

8. The produced documents should be consecutively numbered and marked to identify it as being produced by Blankenship.

9. Copies of documents maintained in electronic formats should be produced in a Concordance compatible electronic format and in compliance with the technical requirements set out in the attached copy of the SEC's Data Delivery Standards.

## **DOCUMENTS TO BE PRODUCED**

1. All Schedule K1 tax forms related to Hope Investments, LLC; HDB Investments, LLC; or Impact Capital Investments, LLC.

2. All documents related to Hope Investments, LLC; HDB Investments, LLC; Impact Capital Investments, LLC; or Hope Advisors, LLC, including but not limited to, any and all communications, workpapers, memoranda, notes and drafts.