UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>               Plaintiff,<br><br>            v.<br><br>HOPE ADVISORS, LLC, KAREN BRUTON, TODD WORTMAN, and DAWN ROBERTS,<br><br>               Defendants,<br>and<br><br>JUST HOPE FOUNDATION,<br><br>               Relief Defendant. | Civil Action File No. 1:16-cv-1752-LMM |

## FINAL JUDGMENT AS TO DEFENDANTS
## KAREN BRUTON AND HOPE ADVISORS, LLC

The Securities and Exchange Commission having filed a Complaint and

Defendants Hope Advisors, LLC ("Hope") and Karen Bruton having entered a

general appearance; consented to the Court's jurisdiction over Hope and Ms.

Bruton and the subject matter of this action; reached an agreement with the Commission to settle this action without admitting or denying the allegations of the Amended Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment, it is **ORDERED** as follows:

## I.

**IT IS HEREBY ORDERED** that, although they are not admitting or denying the allegations of the Amended Complaint, Hope and Ms. Bruton are permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1), (2), and (4) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-6(1), (2), (4)] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. §206(4)-8], which prohibit using any means or instrumentality of interstate commerce, or the mails, directly or indirectly,

    (a) to employ any device, scheme, or artifice to defraud any client or prospective client;

    (b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

(c) to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative, including, while acting as an investment adviser to a pooled investment vehicle by:

(1) making any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

(2) otherwise engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

This injunction specifically prohibits (i) the creation of a false appearance or otherwise deceiving any client, prospective client, or investor or prospective investor in a pooled investment vehicle; and

(ii) the dissemination of false or misleading documents, materials, or information or the making, either orally or in writing, any false or misleading statement in any communication with any client, prospective client or investor or prospective investor in a pooled investment vehicle, about any investment

strategy, investment returns or investment in securities, or compensation to any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Hope's and Ms. Bruton's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation Hope and Ms. Bruton or with anyone described in (a).

## II.

**IT IS HEREBY FURTHER ORDERED** that Hope and Ms. Bruton are hereby liable, jointly and severally, for disgorgement of $1,237,235. Hope and Ms. Bruton shall pay this amount within 10 days after the entry of this judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 10 days of the entry of Final Judgment.

Hope and Ms. Bruton may transmit payment electronically to the Commission, which will provide detailed ACH transfer and Fedwire instructions

-4-

upon request.   Payment may also be made directly from a bank account via

Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.

Hope and Ms. Bruton may also pay by certified check, bank cashier's check, or

United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action

number, and name of this Court;  Hope's and Ms. Bruton's names as defendants

in this action; and specifying that payment is made pursuant to this Final

Judgment.

Hope and Ms. Bruton shall simultaneously transmit photocopies of

evidence of payment and case identifying information to the Commission's

counsel in this action.  By making the payments, Hope and Ms. Bruton relinquish

all legal and equitable right, title, and interest in such funds and no part of the

funds shall be returned to Hope and Ms. Bruton.

 The Commission may enforce the Court's judgment for amounts due

pursuant to paragraph II herein by moving for civil contempt (and/or through other

collection procedures authorized by law) at any time after a failure of Hope and Ms. Bruton to make payments as required by this Final Judgment.  Hope and Ms. Bruton shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## III.

**IT IS HEREBY FURTHER ORDERED** that Hope and Ms. Bruton are hereby liable, jointly and severally, to pay a civil monetary penalty of $250,000.   Hope and Ms. Bruton shall pay this amount within 10 days of entry of this Final Judgment.

Hope and Ms. Bruton may transmit payment electronically to the Commission, which will provide detailed ACH transfer and Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Hope and Ms. Bruton may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court;  Hope and Ms. Bruton as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Hope and Ms. Bruton shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making the payment, Hope and Ms. Bruton relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Hope and Ms. Bruton.

The Commission may enforce the Court's judgment for amounts due pursuant to paragraph III herein through any collection procedures authorized by law at any time after a failure of Hope and Ms. Bruton to make payment as set forth above.  Hope and Ms. Bruton shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## IV.

The Commission shall hold any funds collected pursuant to this Final Judgment (collectively, the "Fund") and will propose a plan to distribute the Fund to investors in Hope Investments, LLC, subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund

provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff or the Court determines that the Fund, or any part thereof, will not be distributed to investors, the Commission shall send such funds to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. Hope and Ms. Bruton shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Hope's and Ms. Bruton's payments of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Hope's or Ms. Bruton's payments of a civil penalty in this action ("Payment Offset"). If the court in any Related Investor Action grants such a Payment Offset, Hope and Ms. Bruton shall, within 30 days after entry of a final order granting the Payment Offset, notify the Commission's counsel in this action and pay the amount of the Payment Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a

payment shall not be deemed an additional civil penalty and shall not be deemed

to change the amount of the civil penalty.  For purposes of this paragraph, a

"Related Investor Action" means a private damages action brought against Ms.

Bruton or Hope by or on behalf of one or more investors based on substantially

the same facts as alleged in the Complaint in this action.

## V.

**IT IS FURTHER ORDERED** that the Consent Order entered in this

action on May 31, 2016 [Dkt. 4] shall be of no further force or effect.

## VI.

**IT IS FURTHER ORDERED** that the Consent is incorporated herein

with the same force and effect as if fully set forth herein, and that Hope and Ms.

Bruton shall comply with all of the undertakings and agreements set forth therein.

## VII.

**IT IS FURTHER ORDERED** that, solely for purposes of exceptions to

discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the

allegations in the complaint are true and admitted by Ms. Bruton, and further, any

debt for disgorgement, civil penalty or other amounts due by Ms. Bruton under

this Final Judgment or any other judgment, order, consent order, decree or

settlement agreement entered in connection with this proceeding, is a debt for the violation by Ms. Bruton of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VIII.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is **ORDERED** to enter this Final Judgment forthwith and without further notice.

Dated: November 13, 2018

UNITED STATES DISTRICT JUDGE

-10-

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Civil Action File No. 1:16-cv-1752-LMM |
| v. | |
| HOPE ADVISORS, LLC, KAREN BRUTON, TODD WORTMAN, and DAWN ROBERTS, | |
| Defendants, | |
| and | |
| JUST HOPE FOUNDATION, | |
| Relief Defendant. | |

## CONSENT OF DEFENDANTS
## HOPE ADVISORS, LLC AND KAREN BRUTON

1.      Defendants Hope Advisors, LLC ("Hope") and Karen Bruton acknowledge having been served with the Amended Complaint in this action, enter a general appearance, and admit the Court's jurisdiction over Hope and Ms. Bruton and over the subject matter of this action.

2.       Without admitting or denying the allegations of the Amended
Complaint (except as provided herein in paragraph 12 and except as to personal
and subject matter jurisdiction, which Hope and Ms. Bruton admit), Hope and Ms.
Bruton have reached an agreement with the Commission to settle this action,
which, among other things, as reflected in the Final Judgment attached hereto (the
"Final Judgment"):

  (a)     permanently restrains and enjoins Hope and Ms. Bruton from

          violation of Sections 206(1), (2), and (4) of the Investment

          Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-

          6(1), (2), (4)] and Rule 206(4)-8 promulgated thereunder [17

          C.F.R. §206(4)-8];

  (b)     reflects Hope's and Ms. Bruton's agreement to pay and be

          liable for, jointly and severally, disgorgement in the amount of

          $1,237,235; and

  (c)     reflects Hope's and Ms. Bruton's agreement to pay and be

          liable for, jointly and severally, $250,000 in civil penalties.

3.     Hope and Ms. Bruton acknowledge that the civil penalties paid pursuant to
the Final Judgment may be distributed pursuant to the Fair Fund provisions of
Section 308(a) of the Sarbanes-Oxley Act of 2002.  Regardless of whether any

such Fair Fund distribution is made, the civil penalties shall be treated as a penalty paid to the government for all purposes, including all tax purposes.  Hope and Ms. Bruton agree that they shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Hope's and Ms. Bruton's payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Hope's and Ms. Bruton's payment of a civil penalty in this action ("Payment Offset").  If the court in any Related Investor Action grants such a Payment Offset, Hope and Ms. Bruton agree that they shall, within 30 days after entry of a final order granting the Payment Offset, notify the Commission's counsel in this action and pay the amount of the Payment Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Ms. Bruton or Hope by or on behalf of one or more investors based on substantially the same facts as those alleged in the Amended Complaint in this action.

4.      Hope and Ms. Bruton agree that they shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty that Hope and Ms. Bruton pay pursuant to the Final Judgment, regardless of whether such amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Hope and Ms. Bruton further agree that they shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any amounts that Hope and Ms. Bruton pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.      Hope and Ms. Bruton waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.      Hope and Ms. Bruton waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7.      Hope and Ms. Bruton enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Hope and Ms. Bruton to enter into this Consent.

8.      Hope and Ms. Bruton agree that this Consent shall be incorporated into the

Final Judgment with the same force and effect as if fully set forth therein.

9.      Hope and Ms. Bruton will not oppose the enforcement of the Final Judgment

on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal

Rules of Civil Procedure, and hereby waive any objection based thereon.

10.     Hope and Ms. Bruton waive service of the Final Judgment and agree that

entry of the Final Judgment by the Court and filing with the Clerk of the Court will

constitute notice to Hope and Ms. Bruton of its terms and conditions.  Hope and

Ms. Bruton further agree to provide counsel for the Commission, within thirty days

after the Final Judgment is filed with the Clerk of the Court, with an affidavit or

declaration stating that Hope and Ms. Bruton have received and read a copy of the

Final Judgment.

11.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims

asserted against Hope and Ms. Bruton in this civil proceeding.  Hope and Ms.

Bruton acknowledge that no promise or representation has been made by the

Commission or any member, officer, employee, agent, or representative of the

Commission with regard to any criminal liability that may have arisen or may arise

from the facts underlying this action or immunity from any such criminal liability.

Hope and Ms. Bruton waive any claim of Double Jeopardy based upon the

settlement of this proceeding, including the imposition of any remedy or civil

penalty herein.  Hope and Ms. Bruton further acknowledge that the Court's entry

of a permanent injunction may have collateral consequences under federal or state

law and the rules and regulations of self-regulatory organizations, licensing boards,

and other regulatory organizations.  Such collateral consequences include, but are

not limited to, a statutory disqualification with respect to membership or

participation in, or association with a member of, a self-regulatory organization.

This statutory disqualification has consequences that are separate from any

sanction imposed in an administrative proceeding.  In addition, in any disciplinary

proceeding before the Commission based on the entry of the injunction in this

action, Hope and Ms. Bruton understand that they shall not be permitted to contest

the factual allegations of the Amended Complaint in this action.

12.     Hope and Ms. Bruton understand and agree to comply with the terms of 17

C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to

permit a defendant or respondent to consent to a judgment or order that imposes a

sanction while denying the allegations in the complaint or order for proceedings,"

and "a refusal to admit the allegations is equivalent to a denial, unless the

defendant or respondent states that he neither admits nor denies the allegations."

As part of Hope's and Ms. Bruton's agreement to comply with the terms of Section

202.5(e),  Hope and Ms. Bruton: (i) will not take any action or make or authorize any other person to make any public statement denying, directly or indirectly, any allegation in the Amended Complaint or creating the impression that the Amended Complaint is without factual basis; (ii) will not make or authorize any other person to make any public statement to the effect that Hope and Ms. Bruton do not admit the allegations of the Amended Complaint, or that this Consent contains no admission of the allegations, without also stating that Hope and Ms. Bruton do not deny the allegations; (iii) upon the filing of this Consent, Hope and Ms. Bruton hereby withdraw any papers filed in this action to the extent that they deny any allegation in the Amended Complaint; and (iv) stipulate solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the Amended Complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Ms. Bruton under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Ms. Bruton of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).  If Hope and Ms. Bruton breach this agreement, the Commission may petition the Court to vacate the Final Judgment

and restore this action to its active docket.  Nothing in this paragraph affects Hope's and Ms. Bruton's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.    Hope and Ms. Bruton hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Hope and Ms. Bruton to defend against this action.  For these purposes, Hope and Ms. Bruton agree that neither they nor the Commission are the prevailing party in this action since the parties have reached a good faith settlement.

14.    Hope and Ms. Bruton agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.    Hope and Ms. Bruton agree that the Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

FOR KAREN BRUTON:

Dated: _June 5, 2018_          _Karen Bruton_
                              Karen Bruton

    On _June 5th_, 2018, _Karen Bruton_, a person known
to me, personally appeared before me and acknowledged executing the foregoing
Consent.

_M Jo Craig_
Notary Public
Commission expires: _9/7/20_

My Commission Expires 9/7/20

9

FOR HOPE ADVISORS, LLC:

Hope Advisors, LLC

By: _Karen Bruton_____

Karen Bruton
Sole Member and Manager

On _June 5th_, 2018, _Karen Bruton_____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Hope Advisors, LLC as its sole member and manager.

Notary Public _____
Commission expires: _____

My Commission Expires 9/7/20

APPROVED AS TO FORM:

Mary Gill
Alston & Bird
One Atlantic Center
1201 West Peachtree St.
Suite 4900
Atlanta, GA 30309-3424

Attorney for Hope Advisors, LLC and Karen Bruton

11