UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

HOPE ADVISORS, LLC, KAREN
BRUTON, TODD WORTMAN, and
DAWN ROBERTS,

        Defendants,

and

JUST HOPE FOUNDATION,

        Relief Defendant.

Civil Action File No.
1:16-cv-1752-LMM

**FINAL JUDGMENT AS TO DEFENDANT TODD WORTMAN**

The Securities and Exchange Commission having filed a Complaint and Defendant Todd Wortman having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; reached an agreement with the Commission to settle this action without admitting or denying

the allegations of the Second Amended Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment, it is **ORDERED** as follows:

### I.

**IT IS HEREBY ORDERED** that, although he is not admitting or denying the allegations of the Second Amended Complaint, Mr. Wortman is permanently restrained and enjoined from violating Sections 206(1), (2), and (4) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-6(1), (2), (4)] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. §206(4)-8] by using any means or instrumentality of interstate commerce, or the mails, directly or indirectly,

(a) to employ any device, scheme, or artifice to defraud any client or prospective client;

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

(c) or to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative, including, while acting as an investment adviser to a pooled investment vehicle by:

(1) making any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

(2) otherwise engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle; by directly or indirectly:

(i) creating a false appearance or otherwise deceiving any client, prospective client, or investor or prospective investor in a pooled investment vehicle; or

(ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client, prospective client or investor or prospective investor in a pooled investment vehicle,

about any investment strategy or investment in securities, or compensation to any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Hope's and Ms. Bruton's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation Hope and Ms. Bruton or with anyone described in (a).

## II.

**IT IS HEREBY FURTHER ORDERED** that Mr. Wortman shall pay a civil monetary penalty of $100,000. Mr. Wortman shall pay the civil penalty in 4 installments to the Commission according to the following schedule: (1) $25,000, within 14 days of entry of this Final Judgment; (2) $25,000, within 120 days of the entry of this Final Judgment; (3) $25,000, within 240 days of the entry of this Final Judgment; and (4) $25,000, within 360 days of the entry of this Final Judgment.

If Mr. Wortman fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding

payments under this Final Judgment, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

Defendant Wortman may transmit payment electronically to the Commission, which will provide detailed ACH transfer and Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Mr. Wortman may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Todd Wortman as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Mr. Wortman shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this

action. By making the payment, Mr. Wortman relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Mr. Wortman.

The Commission may enforce the Court's judgment for a civil penalty through any collection procedures authorized by law at any time after a failure of Mr. Wortman to make payment as set forth above. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### III.

The Commission shall hold any funds collected pursuant to this Final Judgment (collectively, the "Fund") and will propose a plan to distribute the Fund to investors in Hope Investments, LLC, subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff or the Court determines that the Fund, or any part thereof, will not be distributed to investors, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts

ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. Mr. Wortman shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on the payment of a penalty in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of his payment of a civil penalty in this action ("Payment Offset"). If the court in any Related Investor Action grants such a Payment Offset, Mr. Wortman shall, within 30 days after entry of a final order granting the Payment Offset, notify the Commission's counsel in this action and pay the amount of the Payment Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Mr. Wortman by or on behalf of one or more investors based on substantially the same facts as alleged in the Second Amended Complaint in this action.

**IV.**

**IT IS FURTHER ORDERED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Mr. Wortman shall comply with all of the undertakings and agreements set forth therein.

## V.

**IT IS FURTHER ORDERED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Mr. Wortman, and further, any debt for prejudgment interest, civil penalty or other amounts due by Mr. Wortman under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Mr. Wortman of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19); except for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, Mr. Wortman neither admits nor denies the truth of the allegations in Second Amended Complaint.

## VI.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is **ORDERED** to enter this Final Judgment forthwith and without further notice.

Dated: __9/18__, 2018

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>HOPE ADVISORS, LLC, KAREN BRUTON, TODD WORTMAN, and DAWN ROBERTS,<br><br>Defendants,<br><br>and<br><br>JUST HOPE FOUNDATION,<br><br>Relief Defendant. | Civil Action File No.<br>1:16-cv-1752-LMM |

## CONSENT OF DEFENDANT TODD WORTMAN

1. Defendant Todd Wortman acknowledges having been served with the Second Amended Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2. Without admitting or denying the allegations of the Second Amended Complaint (except as provided herein in paragraph 12 and except as to personal

and subject matter jurisdiction, which Mr. Wortman admits), Mr. Wortman has reached an agreement with the Commission to settle this action, which, among other things, as reflected in the entry of the Final Judgment in the form attached hereto (the "Final Judgment"):

    (a)    permanently restrains and enjoins him from violating Sections 206(1), (2), and (4) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-6(1), (2), (4)] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. §206(4)-8]; and

    (b)    reflects Mr. Wortman's agreement to pay a civil penalty in the amount of $100,000.

3.    Mr. Wortman acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. Mr. Wortman agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on the payment of a penalty in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of his payment of a civil

penalty in this action ("Payment Offset"). If the court in any Related Investor Action grants such a Payment Offset, Mr. Wortman agrees that he shall, within 30 days after entry of a final order granting the Payment Offset, notify the Commission's counsel in this action and pay the amount of the Payment Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Mr. Wortman by or on behalf of one or more investors based on substantially the same facts as those alleged in the Second Amended Complaint in this action.

4.    Mr. Wortman agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that he pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Mr. Wortman further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any civil penalty amounts that he pays pursuant to the Final

Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.   Mr. Wortman waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.   Mr. Wortman waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7.   Mr. Wortman enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce him to enter into this Consent.

8.   Mr. Wortman agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.   Mr. Wortman will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.   Mr. Wortman waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to him of its terms and conditions.  Mr. Wortman further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is

filed with the Clerk of the Court, with an affidavit or declaration stating that he has received and read a copy of the Final Judgment.

11.    Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Mr. Wortman in this civil proceeding. Mr. Wortman acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Mr. Wortman waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Mr. Wortman further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Mr. Wortman understands that

he shall not be permitted to contest the factual allegations of the Second Amended Complaint in this action.

12. Mr. Wortman understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Mr. Wortman's agreement to comply with the terms of Section 202.5(e), Mr. Wortman: (i) will not take any action or make or authorize any other person to make any public statement denying, directly or indirectly, any allegation in the Second Amended Complaint or creating the impression that the Second Amended Complaint is without factual basis; (ii) will not make or authorize any other person to make any public statement to the effect that he does not admit the allegations of the Second Amended Complaint, or that this Consent contains no admission of the allegations, without also stating that the he does not deny the allegations; (iii) upon the filing of this Consent, Mr. Wortman hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Second Amended Complaint; and (iv) stipulates solely for purposes of exceptions to discharge set

forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the Second Amended Complaint are true, and further, that any debt for prejudgment interest, civil penalty or other amounts due by Mr. Wortman under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Mr. Wortman of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19); except for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, Mr. Wortman neither admits nor denies the truth of the allegations in the Second Amended Complaint. If Mr. Wortman breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Mr. Wortman's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Mr. Wortman hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or

indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by him to defend against this action. For these purposes, Mr. Wortman agrees that neither he nor the Commission are the prevailing party in this action since the parties have reached a good faith settlement.

14. Mr. Wortman agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Mr. Wortman agrees that the Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: June 8, 2018

Todd Wortman

On June 8, 2018, Todd Wortman, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public
Commission expires:

[Notary seal: DOROTHY GIBBY, STATE OF TENNESSEE NOTARY PUBLIC, DAVIDSON COUNTY, My Commission Expires 07-06-2020]

8

APPROVED AS TO FORM:

_____
Steven A. Riley
Riley Warnock & Jacobson, PLC
1906 West End Ave.
Nashville, TN 37203

Attorney for Todd Wortman

APPROVED AS TO FORM:

_____
Steven A. Riley
Riley Warnock & Jacobson, PLC
1906 West End Ave.
Nashville, TN 37203

Attorney for Todd Wortman