UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>HOPE ADVISORS, LLC, KAREN BRUTON, TODD WORTMAN, and DAWN ROBERTS,<br><br>Defendants. | Case No. 1:16-CV-01752-LMM |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR AN ORDER APPROVING THE FINAL ACCOUNTING, DIRECTING THE DISPOSITION OF REMAINING FUNDS, DISCHARGING THE DISTRIBUTION AGENT, TERMINATING THE FAIR FUND, AND RELATED RELIEF.**

**MOTION**

Plaintiff U.S. Security and Exchange Commission (the "SEC" or "Commission") respectfully moves this Court to enter an Order approving the final accounting, directing the disposition of funds remaining in the Fair Fund and

1

returned to the Fair Fund in the future to the U.S. Treasury, terminating the Fair Fund, discharging the Distribution Agent, and related relief.

**MEMORANDUM**

This Memorandum of Law includes the Consolidated Final Accounting Report ("CFAR"), prepared by the Distribution Agent and Tax Administrator, attached as Exhibit A.

### I.  PROCEDURAL BACKGROUND

On August 30, 2017, the Commission filed an Amended Complaint against Hope Advisors, LLC, Karen Bruton, Todd Wortman, and Dawn Roberts (collectively, "Defendants").  The Amended Complaint alleged that Hope and Bruton perpetrated a scheme to charge unearned fees to Hope Investments LLC (the "HI Fund"), a fund they managed.  The Amended Complaint further alleged that two employees of Hope, Wortman and Roberts, aided and abetted this scheme.

On September 13, 2018, the Court entered the Final Judgment against Hope and Bruton (Dkt. 132).  On September 18, 2018, the Court entered the Consent Final Judgments against Wortman and Roberts (Dkt. 135 and 136).  Pursuant to their respective final judgments, the Court imposed against Hope and Bruton, jointly and severally, disgorgement and civil penalties of $1,237,235.00 and $250,000.00, respectively.  On September 17, 2018, Hope and Bruton paid

$1,487,235.00 representing the entire amount of their judgments to the Commission. The Court imposed civil penalties against Wortman and Roberts of $100,000 and $75,000, respectively. Wortman and Roberts have paid their judgments in full.

By Order dated July 16, 2019, the Court created a fair fund for the disgorgement and civil penalties paid (the "Fair Fund"), and appointed Miller Kaplan Arase LLP as tax administrator (the "Tax Administrator"). By Order dated November 25, 2019, the Court appointed JND as Distribution Agent and charged JND with facilitating the development of a Plan of Distribution for the Fair Fund and administering the approved Plan.

## II.   DISTRIBUTION OF THE FAIR FUND.

Pursuant to the Plan, the Distribution Agent caused $1,624,005.38[1] amount to be distributed to 151 Eligible Investors[2]. Because the Eligible Loss Amounts exceeded the Net Fair Fund, all Eligible Claimants were paid a *Pro Rata* Share of their Eligible Loss Amount. The Distribution Agent monitored the status of all the checks issued in order to maximize the number of checks cashed. Among other things, the Distribution Agent or those acting at its direction, called

---

[1] A separate amount of $19,713.48 was directed to the Tax Administrator to the IRS to satisfy withholding tax requirements.
[2] Capitalized terns not defined herein are used as defined in the Plan.

and/or emailed Eligible Investors, encouraging check negotiations, and offering reissues.  As a result, all Eligible Investors received and negotiated the Distribution Payment directed to them.

### III. THE DISTRIBUTION IS COMPLETE AND THE ORDER, AS PROPOSED, IS APPROPRIATE.

The Distribution Agent has distributed the Fair Fund to all Eligible Investors.  The Tax Administrator has filed the final tax return for the Fair Fund and all outstanding invoices and tax liabilities have been paid.  Further distributions are infeasible; there are insufficient funds remaining in the Fair Fund to sustain an additional year of tax administration and distribute a meaningful amount to Eligible Investors.  Accordingly, the SEC seeks an Order in the form attached, approving the Final Accounting; directing the disposition of the remaining funds, including any funds returned to the Fair Fund in the future; terminating the Fair Fund; and discharging the Distribution Agent.

#### A. The Final Accounting Should be Approved.

The Final Accounting accurately describes the disposition of the Fair Fund. The Distribution Agent and Tax Administrator have prepared the CFAR, which the SEC submits to the Court for approval as Exhibits A.  The CFAR includes a final accounting of all monies received, earned, spent, and distributed in connection

with the administration of the Fair Fund.

As reflected in the CFAR, the Fair Fund began with $1,660,370.65 and earned $54,360.43 in interest, for a total amount of $1,714.731.08.  *See Exhibit A*.  The Distribution Agent successfully distributed $1,624,005.38 to the harmed investors, and paid $58,251.03 in administrative fees, expenses, and costs, and $19,713.48 in taxes.  The Fair Fund balance is $12,640.37, comprised of accrued interest and unused administrative reserve (the Residual").  The SEC respectfully requests that the Court approve the Final Accounting.

### B. Authority and Argument

The SEC and distribution agent have made a good faith effort to locate all investor victims and to distribute the Fair Fund to all Eligible Claimants.  However, the amount of money remaining in the Fair Fund (the "Residual") makes it infeasible to provide a meaningful further distribution.  Accordingly, the SEC requests approval for the transfer of the Residual amount of $12,640.37, and any funds returned to the Fair Fund in the future to the U.S. Treasury.

The transfer of the Residual to the U.S. Treasury is consistent with the Supreme Court's decision in *Liu v. SEC*, 140 S. Ct. 1936 (2020), and with the statutory scheme.  Disgorgement is ordered to reflect the "foundational principle" that "it would be inequitable that a wrongdoer should make a profit out of his own

wrong." *Liu*, 140 S. Ct. at 1943. *Liu* criticized the practice of distributing disgorged funds to the Treasury "*instead of*" to "known victims." 140 S. Ct. at 1946, 1948 (emphasis added). However, it left open the question of whether disgorgement funds can be deposited with the Treasury when it is infeasible to distribute the collected funds to investors, allowing "the lower courts [to] evaluate in the first instance whether that order would indeed be for the benefit of investors as required by § 78u(d)(5) and consistent with equitable principles." 140 S. Ct. at 1949. "Courts have held, post-*Liu*, that disgorgement may still be ordered even if funds need to be sent to the Treasury because it is infeasible to return funds to individual investors." *SEC v. O'Brien*, __ F. Supp. 3d __, 2023 WL 3645205, at *13 (S.D.N.Y. May 25, 2023), *appeal docketed*, No. 23-1071 (2d Cir. July 24, 2023); *see also, e.g.*, *SEC v. Spartan Secs. Gr., Ltd.*, 620 F. Supp. 3d 1207, 1223-1225 (M.D. Fla. 2022), *appeal docketed*, No. 22-13129 (11th Cir. Sept. 16, 2022); *SEC v. Kon*, No. 1:21-cv-24320 (RKA) ECF 35, 2022 WL 17583635, at *4 (S.D. Fla. Aug. 22, 2022), *appeal docketed*, No. 23-10738 (11th Cir. Mar. 7, 2023). Moreover, Section 21F(g)(3) of the Securities Exchange Act of 1934 ("Exchange Act") expressly contemplates that disgorgement funds that are "not distributed to [] victims" through a Fair Fund "shall be deposited into or credited to" a fund at the Treasury (15 U.S.C. § 78u-6(g)(3)(A)(ii)), and courts have distributed residual

funds consistent with that statutory command (*see*, *e.g.*, *SEC v. Murray, et al.*, No. 3:12-cv-1288 (EMC) ECF 239 (N.D.C.A. Oct. 23, 2023); *SEC v. Symbol Technologies, Inc., et al.*, No. 2:04-cv-2276 (JMA) ECF 400 (E.D.N.Y. Aug. 15, 2022); *SEC v. Haddad, et al.*, No. 3:18-cv-55 (KAD) ECF 29 (D. Conn. Aug. 27, 2021); *SEC v. Macquarie Capital (USA), Inc., et al.*, No. 1:15-cv-2304 (DLC) ECF 37 (S.D.N.Y. July 20, 2021); *SEC v. Nortel Networks Corp., et al.*, No. 1:07-cv-8851 (LAP) ECF 114 (S.D.N.Y. July 2, 2021); *SEC v. Buck*, No. 1:17-cv-3984 (JRS) ECF 17 (S.D. Ind. April 22, 2021).  Post-*Liu* amendments to the Exchange Act confirm courts' authority to order disgorgement in "any action or proceeding brought by the Commission under any provision of the securities laws."  Section 6501 of the National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283, codified at 15 U.S.C. § 78u(d)(7); *see SEC v. Ahmed*, 72 F.4th 379, 395-96 (2d Cir. 2023).  The proposed distribution is consistent with these amendments to the extent they are relevant.

Pursuant to the Court-approved Distribution Plan, specifically in accordance with Paragraph 41 of the Plan, the Fair Fund shall be eligible for termination after all of the following have occurred: (a) the final accounting has been submitted and approved by the Court; (b) all taxes and fees have been paid; and (c) all remaining funds or any residual has been paid to the SEC for transfer to the U.S. Treasury.

ECF 155, p. 26, ¶ 83.

Accordingly, the SEC respectfully requests that the Court: (1) approve the final accounting included as Exhibit A to this Motion; (2) direct the Commission to transfer the residual funds remaining in the Fair Fund, and any funds returned to the Fair Fund in the future, to the general fund of the U.S. Treasury subject to Section 21F(g)(3) of the Exchange Act of 1943[3]; (3) terminate the Fair Fund; and (4) discharge the Distribution Agent.  A proposed Order has been submitted with the SEC's Motion.

---

[3] Section 21F(g)(3) of the Exchange Act, 15 U.S.C. § 78u-6(g)(3), provides, in relevant part, that any monetary sanction of $200 million or less collected by the SEC in any judicial action brought by the SEC under the securities laws that is not added to a disgorgement fund or fair fund or otherwise distributed to victims plus investment income shall be deposited or credited into the SEC Investor Protection Fund.

**CONCLUSION**

WHEREFORE, the Commission respectfully requests that this Court enter the proposed Order and grant such other relief as the Court deems just and proper.

Dated: April 26, 2024,                               Respectfully Submitted

/s/ Devon A. Brown
Devon A. Brown
Trial Attorney
Office of Distributions
Division of Enforcement
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-5876
Phone: (202) 551-4582
Fax: (301) 623-1188
Email: Brownde@sec.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2024, a copy of the Plaintiff's Motion and Memorandum of Law for an Order to Approving the Final Accounting, Directing the Disposition of Remaining Funds, Discharging the Distribution Agent, and Terminating the Fair Fund was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

/s/ Devon A. Brown
Devon A. Brown

## CERTIFICATE OF COMPLIANCE

I hereby certify that, pursuant to local Rules 5.1C and 7.1D of the United States District Court for the Northern District of Georgia the foregoing Memorandum of Law in support of its Motion for an Order to Approve Final Accounting, Directing the Disposition of Remaining Funds, Discharging the Distribution Agent, and Terminating the Fair Fund was prepared in Times New Roman 14 point font, double-spaced, with a top margin of not less than 1.5 inches and a left margin of not less than 1 inch.

This 26 day of April, 2024                               Respectfully Submitted,

/s/ Devon A. Brown
Devon A. Brown
Maryland Bar
Trial Attorney for SEC
Office of Distributions
Division of Enforcement
100 F Street, N.E.
Washington, D.C. 20549-5876
Phone: (202) 551-4582
Fax: (301) 623-1188
Email: Brownde@sec.gov